IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KERRY HARPSTER, <br><br> Plaintiff, <br><br> vs. <br><br> SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | 8:22CV86 <br><br><br> **MEMORANDUM AND ORDER** |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's pro se Complaint (Filing 1).

## I. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint

must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## II. DISCUSSION

Plaintiff claims she has been deprived of "my right to my own name and Social Security number" by the Social Security Administration (SSA). (Filing 1 at 3.) Plaintiff alleges that since 2001, her sister, grandmother, and another individual "all used, worked and filed for ID in my name Social Security number, felonies in my name, credit accounts, as well as through the IRS DMV." (Filing 1 at 4.) She sues the SSA and for relief requests that she be given her own Social Security number and that she be allowed to change her middle name. (Filing 1 at 5.)

Plaintiff's Complaint indicates this is a *Bivens* action, but a *Bivens* action cannot be brought against a federal agency. *FDIC v. Meyer,* 510 U.S. 471, 484-86 (1994). "A *Bivens* claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights." *Buford v. Runyon*, 160 F.3d 1199, 1203 n.6 (8th Cir. 1998); *see Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

In any event, the SSA is not alleged to have engaged in any wrongdoing, or to have caused Plaintiff any injury. Plaintiff simply claims to be the victim of identity theft at the hands of family members and another person who is known to her.

This court has jurisdiction to review certain SSA decisions under 42 U.S.C. § 405(g), but a plaintiff must first exhaust his or her administrative remedies, which is not alleged to be the case here.[1]

## III. CONCLUSION

Plaintiff's Complaint is subject to preservice dismissal under 28 U.S.C. § 1915(e)(2), but the court will give Plaintiff 30 days to file an amended complaint which states a claim upon which relief may be granted.

---

[1] The procedure to apply for a new Social Security number is available online at https://faq.ssa.gov/en-us/Topic/article/KA-02220.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. In the event Plaintiff files an amended complaint, failure to consolidate all claims into <u>one document</u> may result in abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event Plaintiff files an amended complaint.

4. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **April 8, 2022**—amended complaint due.

5. The court must be kept informed of Plaintiff's current address at all times while this case is pending. Plaintiff's failure to keep the court so informed may result in dismissal of the case without further notice.

Dated this 9th day of March, 2022.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge